UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                  :

JANINA LAGUERRE,                 :         Case No. 21-cv-881
                                    :

               Plaintiff,        :

      -against-               :         **<u>NOTICE OF REMOVAL</u>**
                                    :

NATIONAL GRID USA,        :
                                    :

             Defendant.      :
--------------------------------------------------------------x

       TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

       PLEASE TAKE NOTICE THAT defendant National Grid USA ("Defendant"), hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §1441(a). Defendant further states as follows:

       1.      On or about the 26th day of December, 2020, the above-entitled action was commenced by the Plaintiff Janina Laguerre ("Laguerre" or "Plaintiff") against Defendant in the Supreme Court of the State of New York, County of Kings. See Exhibit 1. Defendant was served with the Complaint on January 19, 2021.

       2.      In the Complaint, Laguerre alleges that she was a member of Transport Workers Union of America, Local 101 ("Local 101"); that Local 101 and Defendant were parties to a collective bargaining agreement ("CBA"); that she suffers from a disability that caused her to take several extended periods of leave during her employment with Defendant; that she received medical opinions stating that she should work from home, which she requested from Defendant and which were denied; that the CBA was in full force and effect at the time Laguerre was denied accommodations; that the CBA confers "many rights" upon disabled employees; that

under the terms of the CBA, "preferred consideration" rather than "strict seniority" applies to transfers, which granted "discretion" to Defendant to transfer Laguerre to a different position; that under the terms of the CBA Defendant was obligated to attempt to find new placement for Laguerre in departments other than her own; that Defendant violated the terms of the CBA by failing to seek out a suitable position for Laguerre after she requested accommodations, including a position in an area covered by a "different union"; that Local 101 would not have objected under the CBA to plaintiff's transfer to a position in a different union; that Defendant violated the CBA by failing to provide Plaintiff with work from home prior to April 2020; that Defendant made no effort to place Plaintiff as required under the CBA until it received a demand from Local 101 in April 2020; that Defendant refused to engage in an interactive process with Laguerre as required under the New York City Human Rights Law ("NYCHRL"); and that Defendant refused to provide Laguerre with reasonable accommodations as required under the NYCHRL and the New York State Human Rights Law ("NYSHRL").

3.      In support of her claims, Laguerre relies extensively on alleged violations of the terms of the CBA, including but not limited to alleging that seniority does not govern transfers, that an employee with her seniority should suffer no loss of pay if she were accommodated by placement at a lower paying job; that Defendant has discretion to determine which employees can be transferred; and that Defendant was obligated to seek a new position for Laguerre anywhere in National Grid, including positions outside the Local 101 bargaining unit and positions in a different union's bargaining unit.

4.      Local 101 is a labor organization within the meaning of the National Labor Relations Act ("NLRA") §2(5), 29 U.S.C. §152(5), and represents employees in an industry

affecting commerce within the meaning of the NLRA. Local 101 is the collective bargaining agent of employees employed by Defendant.

5.    Plaintiff is currently an employee of Defendant and holds a position in the bargaining unit represented by Local 101.

6.    The terms and conditions of employment for Local 101 represented employees, including Plaintiff, are set forth in a CBA between National Grid and Local 101.

7.    The question of Plaintiff's entitlement to relief turns on interpretations of the provisions of the parties' CBA under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. Accordingly, because a determination of Plaintiff's rights is governed by federal law, this action is removable to federal court. *See Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27-28 (2d Cir. 1988); *Nordlicht v. New York Tel. Co*., 799 F.2d 859, 862 (2d Cir. 1986).

8.    As Plaintiff's claim for relief necessarily arises under the laws of the United States, it may be removed to this Court under the provisions of 28 U.S.C. §1441(a) without regard to the citizenship of the parties.

9.    This Petition is filed within thirty (30) days after Defendant was served with copies of Plaintiff's complaint, as required by 28 U.S.C. §1446(b).

10.   This action was originally filed in a state court in this District. Therefore, venue is proper in this Court as provided by 28 U.S.C. §§ 1441(a) and 1446(a).

11.   No previous petition for removal of this action has been made.

WHEREFORE, Defendant National Grid USA requests that the above action now pending against it in the Supreme Court of the State of New York, County of Kings, be removed therefrom to this Court.

Dated:  New York, New York
        February 18, 2021

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.


By: _/s/ Patrick M. Collins_____
    Patrick M. Collins
    Erik D. Mass
599 Lexington Avenue, 17th Floor
New York, New York 10022
212.492.2500
patrick.collins@ogletree.com
erik.mass@ogletree.com

*Attorneys for Defendant National Grid USA*